1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CLIFTON ROBERT HICKS,                    No.  2:19-cv-0610 WBS AC P

12            Plaintiff,

13       v.                                  ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14  MICHAEL C. SAMPSON, et al.,

15            Defendants.

16

17       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18  has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He has also

19  requested appointment of counsel.

20       I.      Application to Proceed In Forma Pauperis

21       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22  § 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

23       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24  §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                             1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

Plaintiff alleges that his Fourteenth Amendment due process rights were violated by defendant Sampson, the attorney appointed to represent him in his criminal appeal, and the Central California Appellate Program (CCAP), which appointed Sampson, when Sampson failed to send him his client file and transcripts at the end of his representation. ECF No. 1 at 2-3. He asserts that Sampson told him his file had been sent, but plaintiff never received it, and that Sampson failed to contact him after plaintiff complained to the State Bar, even though the State Bar advised that Sampson was supposed to contact him within ten days. Id. at 3.

IV.    Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). In determining whether a public defender was performing a lawyer's traditional functions, the court looks at whether counsel was "acting under the ethical standards of a lawyer-client relationship" and whether they would be held to the same duties and

3

obligations if privately retained.  See Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003).

In this case, plaintiff's claim against Sampson is based on his allegations that Sampson was deficient in carrying out his duties as counsel.  Sampson's obligations to provide plaintiff with his client file and contact him regarding that matter were governed by the professional and ethical standards of the legal profession, as plaintiff expressly alleges (ECF No. 1 at 3). Accordingly, Sampson was not acting under color of state law and plaintiff cannot bring a claim against him under § 1983.  Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  For these reasons, the claims against defendant Sampson should be dismissed without leave to amend.

As for the CCAP, plaintiff's only claim is that it was the responsible for appointing Sampson to represent him, which does not state a claim.  ECF No. 1 at 2.  Plaintiff has also failed to allege facts demonstrating that the CCAP is a state actor.  However, leave to amend is not necessary because if the CCAP is a private entity, then it is not a state actor under § 1983.  If it is a state entity, then it is immune from suit.  Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").  Finally, any claims against CCAP based on Sampson's failure to provide his client file are not cognizable because there is no *respondeat superior* liability under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.")

V.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by

4

amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

VI.     <u>Motion for Appointment of Counsel</u>

Plaintiff has also requested the appointment of counsel.  ECF No. 3.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In light of the recommendation that the complaint be dismissed without leave to amend, plaintiff's request for appointment of counsel will be denied.

VII.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your claims must be dismissed.  Even if your allegations are true, your defense attorney cannot be sued under § 1983.  Also, even if CCAP could be liable as a state actor, you cannot state a claim against it just because it provided your attorney.

////

////

5

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE